Doughboy was obligated to give reasonable notice of termination before it could be allowed to permit other distributors to operate in any exclusive area of Cambee's. It could not terminate Cambee's exclusive rights simply by doing business with Cambee's competitors. Thus, until Cambee's received reasonable notice of termination, it was entitled to exercise and enforce such exclusive rights as it had in the Sioux Falls area.

Doughboy vigorously denies that it breached the exclusive area term of its agreement with Cambee's, and the evidence it presents in defense of that claim is substantial. This dispute, however, we need not presently decide; rather it is appropriate for the matter to be addressed in the first instance by the trial court. Because that court did not fully consider the exclusive area claim on its own merits independently of the termination claim, on remand that claim may be the subject of further proceedings.

## VI. CONCLUSION

From the preceding discussion it follows that on the franchise and fiduciary issues the judgment of the district court is affirmed. On the contract claims, the judgment is reversed as to the wrongful termination issue and the cause remanded for further proceedings consistent with this opinion.

Cambee's motions for certification of state law questions to the South Dakota Supreme Court are denied.

**Richard D. LAMM, etc., et al., Appellants,**

v.

**Casper WEINBERGER, etc., et al., Appellees.**

**Nos. 86–1458, 86–1517NE.**

United States Court of Appeals, Eighth Circuit.

July 24, 1987.

## ORDER

Petition for rehearing en banc has been considered by the Court and is granted. The Clerk of this Court is directed to set this case for argument on Tuesday, September 15, 1987, at 9 a.m. in St. Louis, Missouri. The parties are directed to file supplemental briefs not to exceed 15 pages. The supplemental briefs should not duplicate prior briefs and only new cases should be argued. All briefs should be limited to the points raised in the petition for rehearing en banc. Supplemental briefs shall be simultaneously filed on August 20, 1987.

**Jackson WARREN, Appellant,**

v.

**CITY OF LINCOLN, NEBRASKA; James Breen; Sandra L. Myers and David M. Beggs, Appellees.**

**No. 86–1434NE.**

United States Court of Appeals, Eighth Circuit.

July 24, 1987.

## ORDER

Petition for rehearing en banc has been considered by the Court and is granted. The Clerk of this Court is directed to set this case for argument on Tuesday, September 15, 1987, at 9 a.m. in St. Louis, Missouri. The parties are directed to file supplemental briefs not to exceed 15 pages. The supplemental briefs should not duplicate prior briefs and only new cases should be argued. All briefs should be limited to the points raised in the petition for rehearing en banc. Supplemental briefs shall be simultaneously filed on August 20, 1987.

**UNITED STATES of America, Appellee,**

**v.**

**Ikechukwu AMAHIA, Appellant.**

**No. 86–2492.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1987.

Decided July 30, 1987.